IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION TOLEDO

| | | |
|---|---|---|
| OLGA MOREHEAD | ) | |
| | ) | |
| Plaintiff / Counter Defendant, | ) | CASE NO. 3:23-cv-01736-JJH |
| | ) | |
| vs. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE CO., | ) | Judge Jeffrey J. Helmick |
| | ) | |
| Defendant / Counter Plaintiff / Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KIMESHA WILLIAMS and COREY WILLIAMS, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT
WITH COUNTERCLAIM AND THIRD PARTY CLAIM**

Defendant, Metropolitan Life Insurance Company, incorrectly named as "Metropolitan Life Insurance Co.," (hereinafter "MetLife" or "Defendant"), by counsel, responds to Plaintiff's Complaint as follows:

**PARTIES**

1. Plaintiff Olga Morehead is a resident of 136 Harmony Lane, Toledo, OH 436015.

**ANSWER**: **MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.**

2. Defendant Metropolitan Life Insurance Co. is a foreign corporation licensed to do business in the State of Ohio.

**ANSWER**: **MetLife admits it is an insurance company that has its principal place of business in New York and it is duly licensed to do business in the State of Ohio. MetLife denies the remaining allegations in Paragraph 2.**

## VENUE

3. Venue is proper in this Honorable Court because the life insurance policy at issue was executed in the City of Toledo, County of Lucas and State of Ohio

**ANSWER**: **MetLife admits that for purposes of this lawsuit venue is proper in this Court. MetLife denies the remaining allegations in Paragraph 3.**

## FIRST CLAIM FOR RELIEF

4. The preceding paragraphs are hereby realleged as if fully restated herein.

**ANSWER:** **MetLife incorporates by reference as if fully restated herein all answers to the preceding paragraphs.**

5. At all times relevant herein, the plaintiff, Olga Morehead, was the named beneficiary of a term life insurance policy issued by defendant Metropolitan Life Insurance Co. (MetLife) to Portia Daniels Williams under policy number  Insurance $46,500.00. A copy of the said policy is in the possession of the defendant.

**ANSWER**: **MetLife admits that Portia Daniels Williams (the "Decedent") was covered under the Federal Employees Group Life Insurance Program ("FEGLI Program"), established by the Federal Employees Group Life Insurance Act, 5 U.S.C. §8701 *et seq*.**

(hereafter "FEGLIA"), as a result of her prior employment with the Department of Veterans Affairs (the "VA"). MetLife further admits that the most recent beneficiary designation form on file named Olga Morehead as the only primary beneficiary and was dated September 28, 2004 (hereafter the "9/28/04 Beneficiary Designation"). MetLife further admits that based on a prior beneficiary designation form that was completed on May 19, 1993, and that named as primary beneficiaries the Decedent's two children, Kimesha Williams and Corey Williams, as well as the Decedent's then husband (hereafter the "5/19/93 Beneficiary Designation"), Kimesha Williams and Corey Williams claimed they were the proper beneficiaries of the benefits under the FEGLI Program (hereafter the "FEGLI Benefits") based on allegations that the 9/28/04 Beneficiary Designation was void because the Decedent did not have the mental capacity to knowingly complete the 9/28/04 Beneficiary Designation. MetLife denies the remaining allegations in Paragraph 5.

6. The plaintiff was named as the sole beneficiary of said policy on or around September 28, 2004; said designation of beneficiary form being executed by the named insured Portia Daniels Williams in front of two disinterested witnesses.

**ANSWER**: MetLife admits that the most recent beneficiary designation form on file was the 9/28/04 Beneficiary Designation and it named Olga Morehead as the only primary beneficiary of the FEGLI Benefits. MetLife further admits that the Decedent's two children, Kimesha Williams and Corey Williams, claimed they were the proper beneficiaries of the FEGLI Benefits based on allegations that the 9/28/04 Beneficiary Designation was void because the Decedent did not have the mental capacity to knowingly complete the 9/28/04 Beneficiary Designation, and if correct, that would make the prior 5/19/93 Beneficiary

**Designation the valid one which named Kimesha Williams and Corey Williams as primary beneficiaries. MetLife denies the remaining allegations in Paragraph 6.**

7. On or about January 21, 2023 the named insured Portia Daniels Williams passed away.

**ANSWER**: **Based on information and belief, MetLife admits that the Decedent passed away on January 21, 2023. MetLife denies the remaining allegations in Paragraph 7.**

8. On or about January 27, 2023 plaintiff became aware that she was the named beneficiary on the aforestated policy.

**ANSWER**: **MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.**

9. On or about January 27, 2023, plaintiff signed an irrevocable assignment and power of attorney, assigning $13,884.73 to the House of Day Funeral Home, for the funeral expenses of Portia Daniels Williams.

**ANSWER**: **Based on information and belief, MetLife admits that Olga Morehead executed an irrevocable assignment of the FEGLI Benefits to The House of Day Funeral Services, Inc. to pay funeral expenses for the Decedent. MetLife denies the remaining allegations in Paragraph 9.**

10. Said funeral bill was paid on or about February 2, 2023 by defendant.

**ANSWER**: **MetLife admits that The House of Day Funeral Services, Inc. was paid a portion of the FEGLI Benefits based on an irrevocable assignment of a portion of the FEGLI Benefits. MetLife denies the remaining allegations in Paragraph 10.**

11. Since that time, defendant has refused to timely pay the balance of the life insurance benefits ($32,615.27) to the plaintiff.

**ANSWER**: MetLife admits that based on the competing claims for the same FEGLI Benefits, and the allegations that the Decedent did not have the mental capacity to execute the 9/28/04 Beneficiary Designation, MetLife could not determine the proper beneficiary or beneficiaries of the FEGLI Benefits without exposing the FEGLI Program to multiple liabilities for the same FEGLI Benefits, and as a result, MetLife has not paid the FEGLI Benefits to any of the competing claimants. MetLife further states that because the competing claimants were not able to reach a resolution regarding their competing claims for the same FEGLI Benefits, the proper remedy is for an interpleader action so that MetLife can deposit the FEGLI Benefits with the Court until the Court has had an opportunity to determine the proper beneficiary or beneficiaries. MetLife denies the remaining allegations in Paragraph 11.

12. Since that time, defendant has denied plaintiff's claim for benefits.

**ANSWER**: MetLife admits that based on the competing claims for the same FEGLI Benefits, and the allegations that the Decedent did not have the mental capacity to execute the 9/28/04 Beneficiary Designation, MetLife could not determine the proper beneficiary or beneficiaries of the FEGLI Benefits without exposing the FEGLI Program to multiple liabilities for the same FEGLI Benefits, and as a result, MetLife has not paid the FEGLI Benefits to any of the competing claimants. MetLife further states that because the competing claimants were not able to reach a resolution regarding their competing claims for the same FEGLI Benefits, the proper remedy is for an interpleader action so that MetLife can deposit the FEGLI Benefits with the Court until the Court has had an opportunity to

**determine the proper beneficiary or beneficiaries. MetLife denies the remaining allegations in Paragraph 12.**

13. Defendant has unilaterally adjudicated the merits of the beneficiary designation form which was signed on or about September 28, 2004, finding that said form is invalid and asserting that the named insured lacked the mental capacity to sign said form.

**ANSWER**: **MetLife admits that based on the competing claims for the same FEGLI Benefits, and the allegations that the Decedent did not have the mental capacity to execute the 9/28/04 Beneficiary Designation, MetLife could not determine the proper beneficiary or beneficiaries of the FEGLI Benefits without exposing the FEGLI Program to multiple liabilities for the same FEGLI Benefits, and as a result, MetLife has not paid the FEGLI Benefits to any of the competing claimants. MetLife further states that because the competing claimants were not able to reach a resolution regarding their competing claims for the same FEGLI Benefits, the proper remedy is for an interpleader action so that MetLife can deposit the FEGLI Benefits with the Court until the Court has had an opportunity to determine the proper beneficiary or beneficiaries. MetLife denies the remaining allegations in Paragraph 13.**

14. To date, the plaintiff has met all of the terms and conditions of said insurance policy.

**ANSWER**: **MetLife denies the allegations in Paragraph 14.**

15. As a direct and proximate result of defendant's actions or inaction herein averred, plaintiff has been irreparably financially damaged.

**ANSWER**: MetLife denies the allegations in Paragraph 15.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

16. Plaintiff repeats each of the statements and allegations heretofore pled, as if the same were fully set forth at length herein.

**ANSWER:** MetLife incorporates by reference as if fully restated herein all answers to the preceding paragraphs.

17. The defendant's failure to honor the life insurance contract is in breach of the contract of insurance.

**ANSWER**: MetLife denies the allegations in Paragraph 17.

18. As a proximate result thereof, plaintiff has incurred damages which include, but are not limited to attorney fees and any other incidental and consequential damages.

**ANSWER**: MetLife denies the allegations in Paragraph 18.

## THIRD CLAIM FOR RELIEF

### Bad Faith

19. Plaintiff repeats each of the statements and allegations heretofore pled, as if the same were fully set forth at length herein.

**ANSWER:** MetLife incorporates by reference as if fully restated herein all answers to the preceding paragraphs.

20. The defendant has acted in bad faith in denying plaintiff's claim for life insurance benefits.

**ANSWER**:     **MetLife denies the allegations in Paragraph 20.**

21.     The defendant has enacted procedures that are deliberately and fundamentally flawed, to the detriment of the plaintiff.

**ANSWER**:     **MetLife denies the allegations in Paragraph 21.**

22.     As a proximate result of the bad faith of the defendant, plaintiff has suffered compensatory damages as outlined above.

**ANSWER**:     **MetLife denies the allegations in Paragraph 22.**

### FOURTH CLAIM FOR RELIEF

### Punitive Damages

23.     Plaintiff repeats each of the statements and allegations heretofore pled, as if the same were fully set forth at length herein.

**ANSWER:**     **MetLife incorporates by reference as if fully restated herein all answers to the preceding paragraphs.**

24.     Defendant's actions or inaction alleged herein are malicious, willful, wanton, opprgssive and without regard for the rights of it's insured, thereby justifying the imposition of punitive damages.

**ANSWER**:     **MetLife denies the allegations in Paragraph 24.**

*WHEREFORE,* plaintiff demands compensatory judgment against the defendant in an amount exceedomg $25,000.00; plaintiff demands punitive damages in an amount exceeding

$25,000.00; plaintiff demands her costs herein expended, interest according to law, attorneys fees, and any other relief deemed just and equitable by this Honorable Court.

**ANSWER**: **MetLife prays that Plaintiff take nothing by her Complaint, for reimbursement of its reasonable attorneys' fees and costs, and for all other just and proper relief.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant Metropolitan Life Insurance Company, incorrectly named as "Metropolitan Life Insurance Co.," (hereinafter "MetLife" or "Defendant"), by counsel, for Additional and Affirmative Defenses to Plaintiff's Complaint, alleges and states as follows:

1. Any allegation not specifically admitted previously in this Answer is now denied.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The FEGLI Program is administered by MetLife on behalf of U.S. OPM under the FEGLI Policy and MetLife did not issue a life insurance policy to the Decedent.

4. Plaintiff's claims are not actionable to the extent they are preempted by FEGLIA.

5. Plaintiff's claims for damages that exceed the amount of FEGLI Benefits are preempted by FEGLIA, which does not allow recovery for compensatory, punitive, or other additional damages or recovery of attorney fees and costs. See 5 U.S.C. § 8709(d)(1).

6. Any liability of MetLife is subject to the terms and conditions of the applicable statutes and regulations of FEGLIA.

7. Plaintiff's claims arise exclusively under federal law, i.e., FEGLIA, 5 U.S.C. § 8701, *et seq*., the federal regulations at 5 C.F.R. Part 870, and the FEGLI Policy, such that any claim arising under state law are preempted and barred by FEGLIA.

8. Plaintiff's entitlement to FELGI benefits is governed entirely by FEGLIA, the federal regulations, guidance and contract issued by OPM under its authority under FEGLIA.

9. MetLife discharged its duties in accordance with FEGLIA, the regulations promulgated thereunder, and the contract entered into pursuant to FEGLIA and its regulations.

10. MetLife acted in good faith at all times and properly determined an interpleader of the FEGLI Benefits was necessary to avoid exposing the FEGLI Program to multiple liabilities by the competing claimants.

11. MetLife incorporates by reference any provisions in FEGLIA, the regulations for FEGLIA, and the FEGLI Program, which constitute an additional or affirmative defense.

12. Plaintiff is not entitled to a trial by jury with respect to her claims against MetLife, and as a result, her request for a jury trial as to those claims must be stricken.

13. MetLife reserves the right to amend this Answer and Additional and Affirmative Defenses as investigation continues.

WHEREFORE, MetLife prays that Plaintiff take nothing by her Complaint, for reimbursement of its reasonable costs and attorneys' fees, and for all other just and proper relief.

Respectfully submitted,

                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                      By: /s/ Andrea V. Arnold
                      Andrea V. Arnold (0099455)
                      127 Public Square, Suite 4100
                      Cleveland, OH 44114
                      Phone: 216-274-6926
                      Fax: 219-357-4733
                      Andrea. Arnold@ogletree.com

                      *ATTORNEY FOR DEFENDANT , METROPOLITAN LIFE INSURANCE COMPANY*

## COUNTERCLAIM AGAINST PLAINTIFF
## AND THIRD PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANTS
## SEEKING INTERPLEADER PURSUANT TO RULE 22

Comes now Defendant, Metropolitan Life Insurance Company, incorrectly named as "Metropolitan Life Insurance Co." Group, Inc. (hereafter "MetLife" or "Defendant"), by counsel, and for its Counterclaim and Third Party Complaint, seeking Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, states as follows:

### PARTIES

1. Defendant / Counter Plaintiff / Third Party Plaintiff, MetLife, is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Ohio.

2. Upon information and belief, Plaintiff / Counter Defendant Olga Morehead was a sister of Portia Daniels Williams (hereinafter "the Decedent") and purportedly a resident of Toledo, Ohio.

3. Upon information and belief, Third Party Defendant Kimesha Williams is a child of the Decedent and purportedly a resident of Toledo, Ohio.

4. Upon information and belief, Third Party Defendant Corey Williams is a child of the Decedent and purportedly a resident of Toledo, Ohio.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction over this Counterclaim and Third Party Claim pursuant to 28 U.S.C. § 1331 and 1367, because the action arises under FEGLIA, 5 U.S.C. § 8701, *et seq.* Further, this Counterclaim and Third Party Claim are an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a counterclaim defendant and/or third party claim defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7. The Decedent was covered under the FEGLI Program, established by FEGLI, as a result of her prior employment with the Department of Veterans Affairs (the "VA").

8. The Office of Federal Employees' Group Life Insurance ("OFEGLI"), an administrative unit of MetLife, is responsible for administering claims under the FEGLI Program in accordance with FEGLIA and the regulations and guidance promulgated by the United States Office of Personnel Management ("OPM").

9. The most recent beneficiary designation form on file with OPM for the Decedent named Olga Morehead as the only primary beneficiary and was dated September 28, 2004 (hereafter the "9/28/04 Beneficiary Designation"). A true and correct copy of the 9/28/04 Beneficiary Designation is attached hereto as Exhibit A.

10. The next most recent beneficiary designation form on file with OPM for the Decedent was completed on May 19, 1993, and that named as primary beneficiaries the Decedent's two children, Kimesha Williams and Corey Williams, as well as the Decedent's then husband (hereafter the "5/19/93 Beneficiary Designation"). A true and correct copy of the 5/19/93 Beneficiary Designation is attached hereto as Exhibit B.

11. Kimesha Williams and Corey Williams claimed they are the proper beneficiaries of the benefits under the FEGLI Program (hereafter the "FEGLI Benefits") based on allegations that the 9/28/04 Beneficiary Designation was void, because the Decedent did not have the mental capacity to knowingly complete the 9/28/04 Beneficiary Designation. In addition, they stated that

their father that was named as the other beneficiary passed away prior to the Decedent passing away so his interest in the FEGLI Benefits ended upon his passing.

12. The Decedent died on January 21, 2023. A true and correct copy of the Death Certificate for Decedent is attached hereto as Exhibit C.

13. At the time of his death, the Decedent was enrolled under the FEGLI Program for benefits in the amount of $46,500.00, of which the assignment by all competing claimants to The House of Day funeral Service, Inc. was paid, making the remaining FEGLI Benefits at issue in this case equal to $32,615.27.

14. The FEGLI Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to FEGLIA, the FEGLIA regulations, and the terms of the FEGLIA Program.

15. Plaintiff / Counter Defendant Olga Morehead filed a claim seeking the FEGLI Benefits based on the 9/28/04 Beneficiary Designation.

16. Third Party Defendants Kimesha Williams and Corey Williams claimed the 9/28/04 Beneficiary Designation was void based on the allegation that the Decedent lacked the mental capacity at the time it was executed, and instead, claimed the FEGLI benefits based on the 5/19/93 Beneficiary Designation.

17. Based on the competing claims made by each claimant and the legal and factual arguments asserted by each claimant, MetLife cannot determine whether a court would find that the 9/28/04 Beneficiary Designation was valid or void based on the alleged mental incapacity of the Decedent.

18. If a court were to determine that the 9/28/04 Beneficiary Designation is valid and enforceable, then the Plan Benefits would be payable to Olga Morehead.

19. If a court were to determine that the 9/28/04 Beneficiary Designation is void based on the alleged mental incapacity of the Decedent, making the 5/19/93 Beneficiary Designation valid, then the Plan Benefits would be payable to Kimesha Williams and Corey Williams.

20. MetLife cannot determine the proper beneficiary or beneficiaries of the FEGLI Benefits at issue without risking exposure of itself and the FEGLI Program, to double liability.

21. As a mere claim administrator, MetLife has no interest in the FEGLI Benefits. MetLife therefore respectfully requests that this Court determine to whom said FEGLI Benefits should be paid.

22. MetLife is ready, willing and able to direct payment of the FEGLI Benefits, in accordance with the terms of FEGLIA, the regulations of FEGLIA, and the FEGLI Program, in such amounts and to whichever party the Court shall designate.

23. MetLife is ready, willing and able to direct payment of the FEGLI Benefits to the Clerk of the Court, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i) Permit MetLife to direct payment of the FEGLI Benefits to the Clerk of the Court;

(ii) Upon receipt of the FEGLI Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife and the FEGLI Program from any further liability for the FEGLI Benefits, and;

(iii) Require that the Plaintiff and Third Party Defendants litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits should be paid.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 3rd day of October, 2023, she electronically filed the foregoing **ANSWER** and **COUNTERCLAIM** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Kenneth L. Mickel
> Kimberly C. Kurek
> MICKEL & HUFFMAN
> 405 Madison Ave., Suite 2000
> Toledo, OH  43604-1351
> kkurek@mickelandhuffman.com
> kmickel@mickelandhuffman.com

The undersigned attorney also hereby certifies that on this 3rd day of October, 2023, she sent the foregoing **ANSWER** and **COUNTERCLAIM** via regular mail to the following:

- Kimesha Williams, 1128 Mackow Dr., Toledo, OH 43607; and
- Corey Williams, PO Box 274, Wauseon, OH 43567

>  /s/Andrea V. Arnold
>  Andrea V. Arnold